UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBYN GRIFFITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01938-JPH-MG |
| | ) | |
| WENDY CLENSY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

### I. Granting *in forma pauperis* status

Plaintiff, Robyn Griffith's, motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED**. *See* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Ms. Griffith to proceed without prepaying the filing fee, she remains liable for the full fees. *Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. Jan. 15, 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

### II. Screening

**A. Screening standard**

The Court has the inherent authority to screen Ms. Griffith's complaint. *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.*

1

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The amended complaint[1]

Ms. Griffith alleges that Defendant, Wendy Clensy, "enforced human trafficking by blackmail and bribery saying they worked for the federal government." Dkt. 6 at 4. Ms. Griffith further alleges "discrimination under color of law and ADA," specifically violations of her "civil rights as a federal victim of violent crime with disabilities." *Id.* at 3.

"To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under

---

[1] Ms. Griffith filed an amended complaint, dkt. 6, without first seeking leave to amend. *See* Fed. R. Civ. P. 15(a)(2). Since *pro se* complaints are held to a less stringent standard than formal pleadings drafted by lawyers, the Court construes Ms. Griffith's amended complaint as requesting leave to amend. *See Perez*, 792 F.3d at 776. The amended complaint, dkt. 6, is now the operative pleading.

2

color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted).  Ms. Griffith has not alleged that Ms. Clensy is a "person acting under color of state law." *Id.*  Thus, Ms. Griffith's complaint must be **dismissed** for failure to state a claim.

### C. Conclusion

Ms. Griffith shall have **through September 3, 2021**, to file an amended complaint or otherwise show cause why this case should not be dismissed for failure to state a claim.

**SO ORDERED.**

Date: 8/4/2021

Distribution:

ROBYN GRIFFITH
623 W. Smith Ave.
Bloomington, IN 47403

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana